UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAMZY SUHWEIL,**

        CASE NO.:  6:20-CV-1205-ORL-\_\_\_\_\_

**Plaintiff,**

v.

**PN MEDICAL, INC., a Florida Corporation,
and MARK CARBONE, an Individual,**

**Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RAMZY SUHWEIL ("Suhweil"), by and through his undersigned counsel, hereby files suit against Defendants, PN MEDICAL, INC. ("PN"), a Florida Corporation, and MARK CARBONE ("Carbone"), an Individual.  In support thereof, Suhweil alleges the following:

**JURISDICTION AND VENUE**

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq*., as amended ("FLSA"), unpaid wages under Florida law, and damages for breach of contract.  Plaintiff seeks unpaid overtime wages, liquidated damages, unpaid wages, consequential damages, reasonable attorneys' fees and costs, as well as declaratory relief and all other relief this Court deems just and proper.

2. Venue is proper in this Court under rule 1.02(c) of the Local Rules of the Middle District of Florida because the unlawful employment practices were committed in Orlando, Orange County, Florida, and because Defendant operates and does business within the Orlando Division of the Middle District of Florida.

**STATEMENT OF THE PARTIES**

3. Plaintiff Suhweil is an individual who resides in Orange County, Florida.

4.      Defendant PN is a Florida Corporation, registered to do business in Florida, with its principal place of business in Cocoa Beach, Florida. At all times material to this action, PN, which manufactures and sells cardiopulmonary devices, maintained an office within the Middle District of Florida.

5.      PN is an employer within the meaning of 29 U.S.C. Section 203(d). At all material times, PN was engaged in interstate commerce and, upon information and belief, had annual sales of $500,000.00 or more.

6.      Defendant Carbone is an individual who resides in Cocoa Beach, Brevard County, Florida.

7.      At all material times, Carbone, as Chief Executive Officer of PN, exercised control over significant aspects of the PN's day-to-day functions, including the compensation of Suhweil and other employees.

8.      Suhweil's damages exceed $75,000.00, exclusive of interest, attorneys' fees and costs.

**STATEMENT OF FACTS**

9.      Suhweil began his association with PN in or about August 2017 as a "Consultant" to the Company. In that capacity, PN agreed to pay Suhweil $3,000.00 per month. A true and correct copy of Consultant Agreement is attached hereto and incorporated herein as Exhibit A.

10.     In or about January 2018, Carbone asked Suhweil to become the Company's Chief Operating Officer and raised Suhweil's compensation, effective February 2018, to $8,333.33 per month commensurate with Suhweil's enhanced responsibilities with the Company.

11.     Suhweil served as the Company's Chief Operating Officer from February 2018 through May 2019. From June 2019 forward, Suhweil resumed his "Consultant" position at the existing rate of $8,333.33 per month.

12.     As Chief Operating Officer, Suhweil regularly worked 70 – 80 hours per week.

13.     Notwithstanding Suhweil's great efforts, PN has failed and refused to compensate Suhweil for the services he performed.[1]

14.     While Suhweil's position, theoretically, would have satisfied a number of exemptions under the FLSA, PN's failure and refusal to compensate Suhweil for his services has destroyed the exemption because PN has not comported with the salary-basis requirements of the FLSA.  In order to meet the salary-basis test, PN would have had to **actually** pay Suhweil his promised compensation.

15.     As a result of PN's violation of the FLSA, Suhweil has suffered damages.

16.     In addition, as a result of PN's violation of the FLSA, Suhweil has been required to retain the services of the undersigned law Firm.

## COUNT I
## Unpaid Overtime in Violation of the FLSA

17.     Suhweil incorporates by reference each of the allegations set forth in paragraphs 1 through 16, above, as if fully set out herein.

18.     This is an action for unpaid overtime and other damages and equitable relief under the FLSA, including, but not limited to, declaratory and injunctive relief.

19.     At all relevant times, Defendant PN was an "employer" as defined by 29 U.S.C. Section 203(d) as it was "acting directly or indirectly in the interest of an employer in relation to an employee."

20.     At all relevant times, Carbone, as Chief Executive Officer of PN, exercised control over significant aspects of the PN's day-to-day functions, including the compensation of Suhweil and other employees.  Under the FLSA, Carbone has personal liability with respect to the amounts owed Suhweil.

---

[1] PN paid Suhweil, as a Consultant, $3,000.00 for the months of September 2018, October 2018, November 2018, December 2018, and January 2019.  PN paid Suhweil, as Chief Operating Officer, partial compensation for the months of February 2018 ($3,000.00), March 2018 ($4,000.00), April 2018 ($4,000.00), May 2018 ($4,000.00), June 2018 ($4,000.00), July 2019 ($4,000.00), August 2018 ($4,000.00), and September 2018 ($4,000.00).  PN owes Suhweil $116,662.00 for his Consultant services, and base pay in the amount of $102,328.00 for his services as Chief Operating Officer.  In addition, PN owes Suhweil approximately $166,688.00 in overtime compensation, and $269,016.00 in liquidated damages.  Added together, to date, PN owes Suhweil a total of approximately $654,694.00.

21. At all relevant times, Plaintiff Suhweil was an "employee" of PN within the meaning of the 29 U.S.C. Section 203(e) and had been employed by PM since in or about February 2018.

22. Upon information and belief, PN has an annual dollar volume of sales or business that equals or exceeds $500,000.00.  PN is also engaged in interstate commerce, transacting business across state lines.  As such, Suhweil is a covered employee under the FLSA.

23. The FLSA requires employers to pay their employees one and one-half times the employee's usual hourly wage for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1).

24. PN regularly employed Suhweil in excess of 40 hours in a workweek and did not pay him at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.  Indeed, PN even failed to pay Suhweil his regular rate of pay.  As such, PN engaged in a pattern and practice of violating 29 U.S.C. Section 207 of the FLSA with respect to Suhweil.

25. PN's actions were deliberate, willful, and without good faith or any legal justification within the meaning of the FLSA.

26. PN is also liable under the FLSA for failing to maintain proper time records.

27. As a direct and proximate result of PN's unlawful conduct, Suhweil has suffered, and will continue to suffer, a loss of income and other damages and is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

28. PN's conduct constitutes a willful violation of 29 U.S.C. Section 255(a) of the FLSA and PN knew and showed reckless disregard of the fact that their compensation practices were in violation of these laws.

29. Suhweil is entitled to recover his attorneys' fees and costs connected with this action pursuant to 29 U.S.C. Section 216(b).

## COUNT II
## Breach of Contract

30. Suhweil incorporates by reference each of the allegations set forth in paragraphs 1 through 16, above, as if fully set out herein.

31. This is an action for breach of contract.

32. PN agreed to pay Suhweil $8,333.33 per month as compensation for Suhweil's services as PN's Chief Operating Officer (from February 2018 through May 2019).  PN likewise agreed to pay Suhweil $8,333.33 per month for services as a Consultant (from June 2019 through the present).

33. Suhweil provided the services promised, but PN has failed and refused to compensate Suhweil for his work.

34. PN has breached its agreement by failing and refusing to fully compensate Suhweil for the services he performed.

35. As a direct and proximate result of PN's unlawful conduct, Suhweil has suffered damages, which are continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Suhweil, and against PN and Carbone, for:

A. Unpaid overtime wages (Count I);

B. An additional equal amount equal to the unpaid wages owed as liquidated damages (Count I);

C. Unpaid wages (Count II);

D. Damages for breach of contract (Count II);

E. Prejudgment interest in the event liquidated damages are not awarded (Counts I and II);

F. A reasonable attorney's fee and costs (Counts I and II); and

    G.   Such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a jury trial of all claims so triable.

Dated:  July 7, 2020.

                Respectfully submitted,

                **BURRUEZO & BURRUEZO, PLLC**

                */s/ Carlos J. Burruezo, Esq.*
                **CARLOS J. BURRUEZO, ESQ.**
                Florida Bar Number 843458
                carlos@burruezolaw.com
                docketing@burruezolaw.com
                **BERTHA L. BURRUEZO, ESQ.**
                Florida Bar Number 596973
                bertha@burruezolaw.com
                **DEBORAH E. FRIMMEL, ESQ.**
                Florida Bar Number 93970
                deborah@burruezolaw.com
                911 Outer Road
                Orlando, Florida 32814
                Office: 407.754.2904
                Facsimile: 407.754.2905

                Attorneys for Plaintiff, RAMZY SUHWEIL