UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAMZY SUHWEIL,**

      CASE NO.:  6:20-CV-1205-ORL-37EJK

    **Plaintiff,**

v.

**PN MEDICAL, INC., a Florida Corporation,
and MARK CARBONE, an Individual,**

    **Defendants.**
_____/

### RENEWED[1] JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff, RAMZY SUHWEIL and Defendants, PN MEDICAL, INC. and MARK CARBONE, jointly submit this Renewed Motion, requesting that this Court approve the Parties' settlement of Plaintiff's FLSA overtime claims in the above-captioned matter.  The good cause warranting approval is as follows:

**I.     Legal Principles.**

An employee who filed claims in court against an employer under section 216(b) of the Fair Labor Standards Act ("FLSA") may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties

---

[1] The parties file this Renewed Motion in accordance with the Court's October 6, 2021, Order, denying without prejudice the parties' initial Joint Motion.  In accordance with the Court's Order, the parties have removed the offending language from Paragraph 4 of the FLSA Settlement Agreement, and attached hereto the revised FLSA Agreement for the Court's consideration.

1

> submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

## II.  Overview of the Case.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendants. The proposed settlement arises out of an adversarial action brought by the Plaintiff against his alleged former employer and its CEO. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

Plaintiff filed the instant action on July 7, 2020, in the United States District Court for the Middle District of Florida, Orlando Division, alleging claims of unpaid overtime and breach of contract. (Doc. 1). Plaintiff amended his Complaint on August 19, 2020, to add a claim for unpaid wages under Florida law (Doc. 15). Defendants answered the Amended Complaint on September 8, 2020, denying all claims. (Doc. 16). The Court issued an FLSA Scheduling Order the next day on September 9, 2020 (Doc. 17). The Plaintiff filed his responses to the Court's FLSA Interrogatories on October 21, 2020, claiming $679,698.61 in unpaid overtime (Doc. 18), and noting that his attorneys' fees to that date were $10,980.00 based on 24.4 hours @ $450.00, and costs of $510.00 for filing fee and service.

Notably, Plaintiff, in his capacity as Trustee of the Roserie Saif Trust, which is also a shareholder in Defendant PN Medical, subsequently filed a separate action against PN Medical in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2020-CA-044502. Additionally, by letter, dated February 23, 2021, the Trustee made a "Shareholder Demand for Recission

2

Pursuant to Florida and Federal Securities Law," demanding rescission of the Trustee's purchase of stock in PN Medical.

Given the pending litigation matters and the stock rescission demand, the parties decided to pursue a global mediation conference. The parties attended mediation on March 24, 2021, and settled all pending matters after lengthy negotiations. The parties have entered into an FLSA Agreement settling Plaintiff's FLSA claims, subject to this Court's approval. The FLSA Agreement is attached as Exhibit A[2]. Separately, the parties entered into another Settlement Agreement, supported by meaningful and separate consideration, to resolve the non-FLSA, shareholder disputes. The second agreement contains a confidentiality provision, a non-disparagement clause and a general release of claims.

## II.   Settlement of the Instant FLSA Claims.

The settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. Specifically, the case involved issues as to whether Plaintiff worked any overtime hours and, if so, how many uncompensated overtime hours Plaintiff worked. Plaintiff claimed that he routinely worked six days per week and at least 65 hours per workweek. Defendants vigorously disputed Plaintiff's claims, raised standing as an issue – taking the legal position that Defendants had contracted with Plaintiff's LLC for the provision of services, not the Plaintiff, individually. Written discovery in this cause supported Defendants' position more than it did Plaintiff's.

Based upon the parties' respective evaluation of Plaintiff's underlying claims, Plaintiff compromised his overtime claim. The FLSA settlement provides Plaintiff with a payment of $22,500.00 in overtime compensation, plus an equal amount -- $22,500.00 -- for liquidated damages (for a total of $45,000.00). The parties acknowledge that this is significantly less than the amount set forth in Plaintiff's

---

[2] The parties are in the process of executing the revised FLSA Settlement Agreement. Upon finalization, the parties will file a fully executed copy with the Court.

answers to the Court's interrogatories. As noted, written discovery in this action largely supported Defendant's defenses.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during the mediation conference. All of the Parties were advised and represented by counsel throughout the litigation and settlement process.

### III.    Attorneys' Fees.

The Plaintiff asserts that the amount of attorney's fees to be paid under the FLSA Agreement were separately negotiated without any reduction of payment to the Plaintiff. At the time Plaintiff submitted his Responses to the Court's FLSA Interrogatories, Plaintiff's counsel had expended 24.4 hours on the FLSA claims. After that date, Plaintiff's counsel expended additional hours on the FLSA claims, much of which involved written discovery, and obtaining and reviewing documents provided by Defendants. Plaintiff's counsel now seeks attorney's fees for the FLSA claims in the amount of $30,000.00, for a total of 67.0 hours on the FLSA issues. Plaintiff contends that the number of hours to be paid are reasonable.

The undersigned Plaintiff's counsel represents that the overtime and liquidated damages specified in the FLSA Agreement shall be disbursed in full directly to the Plaintiff by way of checks made out to the Plaintiff from the Defendants, as detailed in the FLSA Settlement Agreement filed with the Court. The attorney's fees to be paid pursuant to the FLSA Settlement Agreement are expressly set out in the Agreement.

### IV.    Conclusion.

The parties jointly and respectfully request this Court to approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice.

Respectfully submitted this date: October 20, 2021.

| | |
|---|---|
| */s/ Edmund J. Gegan, Esq.* | */s/ Carlos J. Burruezo, Esq.* |
| Edmund J. Gegan, Esq. | Carlos J. Burruezo, Esq. |
| Florida Bar No. 68822 | Florida Bar No. 843458 |
| | |
| GEGAN LAW OFFICE | BURRUEZO & BURRUEZO, PLLC |
| 1005 N. Marion Street | 911 Outer Road |
| Tampa, Florida 33602 | Orlando, Florida 32814 |
| 813.248.8900 (office) | 407.754.2904 (office) |
| edmund.gegan@geganoffice.com | 407.754.2905 (fax) |
| | carlos@burruezolaw.com |
| | |
| Attorney for Defendants | Attorneys for Plaintiff |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a copy to all counsel of record.

*/s/ Carlos J. Burruezo, Esq.*
CARLOS J. BURRUEZO, ESQ.
Florida Bar No. 843458

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAMZY SUHWEIL,**

**Plaintiff,**

**CASE NO.: 6:20-CV-1205-ORL-37EJK**

v.

**PN MEDICAL, INC., a Florida Corporation,
and MARK CARBONE, an individual,**

**Defendants.**
_____/

## FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement **("FLSA Settlement Agreement")** is entered into by and between RAMZY SUHWEIL **("Suhweil")**, PN MEDICAL, INC. **("PN Medical")** and MARK CARBONE ("**Carbone**") (all collectively referred to as "**Parties**").

### RECITALS

WHEREAS, Suhweil filed a civil action in the United States District Court for the Middle District of Florida, Orlando Division, against PN Medical and Carbone, styled Ramzy Suhweil v. PN Medical and Mark Carbone, Case No. 6:20-cv-1205-ORL-37EJK **("Action"),** alleging that PN Medical and Carbone violated the Fair Labor Standards Act **("FLSA")**;

WHEREAS, PN Medical and Carbone deny that they are liable to Suhweil under the allegations set forth in the Action, and have asserted significant defenses, including standing. Suhweil acknowledges that PN Medical's and Carbone's settlement of the Action does not constitute an admission of liability or an admission of any wrongdoing regarding Suhweil's employment or relationship with PN Medical and Carbone, and that PN Medical and Carbone are settling this matter to avoid any further cost and expense of litigation;

WHEREAS, the Parties have entered into good faith settlement negotiations resulting in this FLSA Settlement Agreement. The purpose of this FLSA Settlement Agreement is to settle and compromise the Action, without any future cost and expense of litigation, and to bar any and all FLSA claims and controversies between the Parties existing prior to the execution of this FLSA Settlement Agreement. The Parties acknowledge that settlement of the Action is in their mutual best interest;

WHEREAS, it should be noted that Suhweil, in his capacity as Trustee of the Roserie Saif Trust

("Trustee"), which is also a shareholder in PN Medical, subsequently filed a separate action against PN Medical in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2020-CA-044502. Additionally, by letter dated February 23, 2021, the Trustee made a Shareholder Demand for Rescission Pursuant to Florida and Federal Securities Law, demanding rescission of the Trustee's purchase of stock in PN Medical;

WHEREAS, at the March 24, 2021, mediation of the Action, the Parties determined that a global resolution of all pending claims would be in the Parties' best interest;

WHEREAS, in addition to this FLSA Settlement Agreement, the Parties have entered into a separate Confidentiality Agreement and General Release, dated March ___, 2021 **("Confidentiality Agreement"),** which addresses all other claims brought or threatened by Suhweil, the Trustee, and REBIS, LLC, a single-member LLC owned by Suhweil;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

1.      **Recitals:**   The Parties acknowledge that the Recitals, above, are incorporated herein as material parts of this FLSA Settlement Agreement.

2.      **No Admission of Liability:**   Suhweil agrees and acknowledges that this FLSA Settlement Agreement is not and shall not be construed as an admission by PN Medical or Carbone (or any person or entity acting on either of their behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation: (1) of any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by PN Medical or Carbone to anyone.  Further, Carbone and PN Medical do not admit that: (1) either of them has violated the FLSA, or any other law or regulation; (2) either has any liability under the FLSA; (3) Suhweil is the prevailing party; or (4) Suhweil has standing to bring the Action.

3.      **Settlement Terms:**   In consideration of the promises contained in this FLSA Settlement Agreement, PN Medical and Carbone shall pay or cause to be paid, the total sum of $75,000.00 **("Settlement Payment")**, in full settlement and satisfaction of the FLSA claims in the Action, including, but not limited to, Suhweil's claims for attorneys' fees and costs. Within 7 days of the date of execution, PM Medical and Carbone shall deliver the settlement checks to Suhweil's counsel (who shall not disburse any of the FLSA Settlement funds until receipt of Court approval).  The Settlement Payment shall be made as follows:

   a.     One check, made payable to Suhweil, in the amount of $22,500.00, in satisfaction of any claim for FLSA wages;

   b.     One check, made payable to Suhweil, in the amount of $22,500.00, in satisfaction of any claim for liquidated damages; and

   c.     One check, made payable to Burruezo & Burruezo, PLLC, in the amount of $30,000.00, in full settlement of attorneys' fees and costs on the FLSA claims in the Action.

Suhweil acknowledges that the settlement funds he is receiving will compensate him, in full,

Suhweil _____                                    Carbone _____                                    PN Medical _____

for any and all claims of, overtime, liquidated damages and any other compensation due from PM Medical and Carbone, or any related entities or affiliates, for any FLSA claims.

    4.    **No Other FLSA Suits or Claims:**  Suhweil, by and through his attorneys, represents that he has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against PM Medical or Carbone, or against any of PN Medical's or Carbone's current or former employees, owners, officers, directors, partners, shareholders, stakeholders, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, other than the Action; nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding for any FLSA claims. Specifically, Suhweil acknowledges and agrees that with the funds paid pursuant to this FLSA Settlement Agreement, he has been properly paid for all hours worked, and that he is not entitled to any other FLSA wages, compensation or payments from PN Medical or Carbone, or any of their related entities or affiliates. By entering into this FLSA Settlement Agreement, Suhweil waives (to the maximum extent possible by law) any <u>claims under the FLSA that he might have had against PN Medical or Carbone that arose</u>~~right to commence, join or participate in any action or proceeding arising from or related to any act or omission by PN Medical or Carbone, or any of their related entities or affiliates that occurred on or~~ prior to the date he executed this FLSA Settlement Agreement~~, including, but not limited to, any right to participate in the settlement or remedy of any FLSA action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, or any other federal, state or local governmental agency.~~ The provisions of this paragraph shall not bar Suhweil from filing an action with respect to the enforcement or interpretation of this FLSA Settlement Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order or subpoena. Nothing in this FLSA Settlement Agreement is intended to prevent Suhweil from cooperating in a federal, state or local investigation.

    5.    **Controlling Law and Venue:**   This FLSA Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary. In addition, Suhweil acknowledges that jurisdiction and venue over any claims arising under or relating to this FLSA Settlement Agreement shall lie exclusively with the United States District Court for the Middle District of Florida, Orlando Division, or, if that court refuses jurisdiction, in any court of competent jurisdiction in Orange County, Florida. At least ten (10) business days prior to commencing an action based on the alleged breach of this FLSA Settlement Agreement, the complaining party must give written notice to the other party via facsimile and certified mail of that party's intent to file an action.

    6.    **Voluntary Acceptance:**  Suhweil represents and acknowledges that he: (1) has consulted with his attorney prior to executing the FLSA Settlement Agreement; (2) has been represented by an attorney in the negotiation of the FLSA Settlement Agreement; (3) has carefully read and fully understands all of the terms of the FLSA Settlement Agreement; (4) has had reasonable time and opportunity to consider the FLSA Settlement Agreement; and (5) has voluntarily entered into the FLSA Settlement Agreement.

    7.    **No Reliance:** Suhweil represents and acknowledges that in executing the FLSA Settlement Agreement, he did not rely and has not relied upon any representation or statement made by PN Medical or Carbone, or by any of PN Medical's and Carbone's agents, representatives, or attorneys with regard to the subject matter, basis or effect of the FLSA Settlement Agreement, other than the

Suhweil _____                             Carbone _____                             PN Medical _____

promises and representations made in the FLSA Settlement Agreement.

       8.     **Interpretation:** The language of all parts of the FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The FLSA Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the FLSA Settlement Agreement. If any portion or provision of the FLSA Settlement Agreement (including, without implication of limitation, any portion or provision of any section of the FLSA Settlement Agreement) is legally determined to be unenforceable, the remainder of the FLSA Settlement Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of the FLSA Settlement Agreement.

       9.     **Modification of Agreement:** This FLSA Settlement Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties and is subject to and contingent upon Court approval. No waiver of any provision of the FLSA Settlement Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged and is subject to and contingent upon Court approval.

       10.     **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

       11.     **Execution in Counterparts:** The Parties acknowledge that the FLSA Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

       12.     **Authority:** Each Party represents that each person executing this FLSA Settlement Agreement on his or its behalf has been authorized to sign on behalf of the respective Party and to bind that Party to the terms of the FLSA Settlement Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by the FLSA Settlement Agreement.

       13.     **Entire Agreement:** With the exception of the Confidentiality Agreement, the FLSA Settlement Agreement contains the entire agreement between the Parties and no agreements, representations, or statements of any party relating to their claims not contained herein shall be binding on such party.

     NOW, THEREFORE, the Parties have freely and voluntarily executed the FLSA Settlement Agreement, as of the dates set forth below.

_____     _____
**RAMZY SUHWEIL**                                       **MARK CARBONE**

Date: ~~March~~ October_____, 2021          Date: ~~March~~ October_____, 2021

FLSA SETTLEMENT AGREEMENT								Page **5** of **5**

										**PN MEDICAL, INC.**

										By: _____

										Its: _____

-and-									Date: <u>October</u><s>March</s> _____, 2021

REDLINED COPY

Suhweil _____					Carbone _____					PN Medical _____